See also 8 Fed.Appx. 128.

**John A.G. MADDEN, Plaintiff–Appellant,**

v.

**VT SUPREME COURT, Defendant–Appellee.**

No. 00–9575.

United States Court of Appeals, Second Circuit.

Dec. 6, 2001.

John A.G. Madden, New Haven, VT, pro se.

Ronald A. Shems, Assistant Attorney General, State of Vermont, Montpelier, VT, for appellee.

Present WALKER, Chief Judge, JACOBS and SACK, Circuit Judges.

SUMMARY ORDER

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the judgment of said district court be and it hereby is AFFIRMED.

Plaintiff-appellant John A.G. Madden appeals the November 16, 2000 judgment of the district court dismissing his complaint as barred by the Eleventh Amendment.

On October 11, 2000, plaintiff filed a *pro se* complaint in the District Court for the District of Vermont alleging that he had been denied due process of law by the Supreme Court of Vermont's denial of his motion for disqualification brought under Vermont Rule of Appellate Procedure 31(e). On November 16, 2000, the district court granted defendant's motion to dismiss and, on December 11, 2000, denied plaintiff's motion for reconsideration. This appeal followed.

This court reviews the district court's grant of a motion to dismiss *de novo*. *See Kalnit v. Eichler*, 264 F.3d 131, 137–38 (2d Cir.2001). It is well settled that "a suit in which [a state's] agencies or departments is named as a defendant is proscribed by the Eleventh Amendment," *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984), in the absence of the state's consent to such suit or congressional authorization of the suit under the Fourteenth Amendment. *McGinty v. New York*, 251 F.3d 84, 91 (2d Cir.2001); *see* U.S. Const. amend. XI.

Defendant-appellee Vermont Supreme Court is an arm of the State of Vermont. *See* Vt. Const. ch. II, § 4 (establishing the judiciary for the state of Vermont and the Vermont Supreme Court). Congress has not authorized plaintiff to bring suit in this instance and the State of Vermont has not consented to suit in federal court. *See* Vt. Stat. Ann. tit. 12, § 5601(g) ("Nothing in this chapter waives the rights of the state under the Eleventh Amendment of the United States Constitution."). Accordingly, plaintiff's suit is barred by the Eleventh Amendment.

For the foregoing reasons, the judgment of said district court be and it hereby is AFFIRMED.